Because I disagree with the majority's resolution of the first assignment of error, I respectfully dissent.
In a divorce proceeding, a trial court is vested with broad discretion to make an equitable division of marital assets. Since a trial court must have discretion to do what is equitable given the facts and circumstances of each case, it necessarily follows that a trial court's decision in such a matter should not be disturbed on appeal unless the decision involves more than an error of judgment. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. Rather, an abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 In the present case, the trial court ordered that Mr. Kelley pay to Mrs. Kelley the sum of One hundred seventy-nine thousand, five hundred and seventy-eight dollars ($179,578.00) as her share of the parties' 50 percent interest in MTP. That amount may be paid to Mrs. Kelley in a lump sum within one year of the date of this Decision without interest. Or, in the alternative, Mr. Kelley may make installment payments over a period of five years at 9 percent simple interest.
This order is clear and unambiguous. While it does not specify what means appellant is to use to satisfy the order, the trial court was not obliged at this stage to do so. Appellant knows his finances best, and is accordingly best able to determine whether to make monthly payments, procure a loan to pay appellant in full, or withdraw funds from his most substantial asset, his IRA. The method is left to appellant's discretion, within the parameters set by the trial court.
Appellant contends that the trial court erred by not considering the tax consequences that will follow the sale of MTP stock held within his IRA. Appellant first presented this argument to the trial court in a motion for reconsideration. While rejecting the contention that the property division had the effect of forcing appellant to sell his interest in MTP, the trial court did order that "in the event [appellant] actually incurs tax liability as a result of withdrawing funds from his IRA in order to meet his property distribution obligation to [appellee], that tax liability shall be paid one-half by [appellant] and one-half by [appellee]."
I do not find that the trial court abused its discretion by finding that "there is no evidence before the Court that the property award in this case has the effect of forcing Mr. Kelley to dispose of MTP to meet his property division obligations." The record does not disclose any evidence overlooked by the trial court: the only evidence which supports appellant's contention is his own assertion.
While a trial court must consider the actual tax consequences associated with a property distribution pursuant to R.C. 3105.171(F)(6), it does not have to consider those tax consequences which are merely speculative. Day v. Day (1988), 40 Ohio App.3d 155, 159; see, also, Frostv. Frost (1992), 84 Ohio App.3d 699, 715. While appellant's contention that his sole alternative is to withdraw money from his IRA may be born out in fact, the record as it is before us does not support this argument. Such an argument is better suited to demonstrating appellant's inability to comply with the order in a post-decree motion.
Because I find no abuse of discretion in the trial court's property distribution, I would affirm the first assignment of error.